# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R Gasho, Sr., <br> Plaintiff, <br> v. <br> Wells Fargo Bank NA, <br> Defendant. | No. CV-18-00552-TUC-RCC (EJM) <br><br> **ORDER** |

This conversion action arises from allegedly fraudulent transfers made by one of Plaintiff's employees from Plaintiff's legitimate business checking account into an unauthorized savings account. Plaintiff alleges that the Defendant, Wells Fargo Bank ("Wells Fargo"), aided in carrying out the fraudulent transfers. After a thorough and careful de novo review of the record, this Court adopts Magistrate Judge Markovich's Report and Recommendation ("R&R") (Doc. 22) dismissing Plaintiff's Complaint (Doc. 1) with prejudice.

## Factual Background

Plaintiff was the sole owner of Western International Aviation ("WIA"), a business based out of Tucson, Arizona. Doc. 1 at ¶ 2. Plaintiff's business held a business checking account (account ending in -9621) with Wells Fargo. *Id*. at ¶ 4. On September 4, 2009, one of Plaintiff's employees opened an allegedly unauthorized business savings account (account ending in -3696) at Wells Fargo without Plaintiff's knowledge. *Id*. at 4-7. Then, Plaintiff's employee made two transfers totaling $79, 185.00

transferring the money from Plaintiffs legitimate business account into the unauthorized savings account. *Id*. at ¶ 7.

## Procedural History

On November 16, 2018, Plaintiff filed a Complaint against Wells Fargo Bank and two of its employees. Doc. 1. The case was subsequently referred to Magistrate Judge Markovich. Doc. 5. While under Judge Markovich, the Parties stipulated to the dismissal of the Wells Fargo Bank employees, Dax McMenamin and Chris Federman, leaving Wells Fargo as the sole defendant. Docs. 7 & 11. Defendant Wells Fargo responded to the Complaint with a Motion to Dismiss ("Motion"). Doc. 15. The Parties filed timely responses and the Motion was fully briefed as of March 25, 2019. Docs. 17 & 18. Thereafter, Magistrate Judge Markovich issued an R&R recommending that this Court grant Defendant's Motion and dismiss this action with prejudice. Doc. 22. Plaintiff filed Objections to the R&R and Defendant replied to Plaintiff's objections. Docs. 23 & 24.

## Standard of Review

"District judges have the power to refer a case to magistrate judge to hear and determine pretrial matters before the court." 28 U.S.C. § 636(b)(1); LRCiv. 72.1(a). While magistrate judges do not have the authority to dismiss, they may prepare a [R&R] to aid the district judge in the disposition of the case. § 636(b)(1)(B)-(C). After receiving the magistrate judge's R&R, the parties may file written objections to the magistrate judge's recommendation. § 636(b)(1)(C). After receiving the magistrate judge's R&R and any objections from the parties, the district judge conducts a de novo review of the portions of the record to which the parties object. *Id*. Finally, the district judge determines whether to accept, reject, or modify the magistrate judge's recommendation. *Id*.

## Legal Analysis[1]

Plaintiff's Complaint is untimely since his claim was filed well-beyond any time the statute of limitations allows. Plaintiff's Complaint alleges a single count of conversion. The statute of limitations in Arizona for a conversion action is two years.

---
[1] A more detailed analysis is set forth in the R&R. Doc. 22.

Ariz. Rev. Stat. § 12-542(5).

Additionally, Arizona follows the discovery rule. The discovery rule determines when the two-year time limit starts. The discovery rule states that the statute of limitations begins to run when the Plaintiff knows, or in the exercise of reasonable diligence, should have known of the facts giving rise to the cause of action. *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (1995); *see also 11333 Inc. v. Certain Underwriters at Lloyd's, London*, 261 F. Supp. 3d 1003, 1024 (D. Ariz. 2017), appeal dismissed, No. 17-16331, 2019 WL 2591204 (9th Cir. Jan. 30, 2019). This means that a Plaintiff attempting to bring a conversion action must do so within two yuers of the date that Plaintiff knew or should have known of the injury. There is no dispute that the statute of limitations is two years. Thus, the dispositive inquiry is when the Plaintiff knew or should have known of the unauthorized transfers causing his injury.

Here, the transfers took place in September of 2009. Plaintiff did not file suit until November of 2018. Plaintiff, without reason, asserts that he did not actually discover the transfers until 2015. Conversely, Defendant alleges that Plaintiff's cause of action began accruing sometime between September 2009, when the transfers were made, and November 15, 2018, when the Complaint was filed. This Court need not venture into the weeds to determine exactly when Plaintiff's action accrued. Assuming arguendo that Plaintiff's cause of action did not accrue until November 2015, Plaintiff still waited three additional years before filing his Complaint. Consequently, Plaintiff's claim is barred by the two-year statute of limitations. This Court agrees with the conclusions set forth in Judge Markovich's R&R.

…

…

…

…

…

…

Accordingly, **IT IS HEREBY ORDERED** that the R&R is **ADOPTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. The Clerk of the Court is directed to close this case and docket accordingly.

Dated this 19th day of November, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge